■ In the Matter of ALEJANDRINA ORTIZ, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Judgment, denominated an order, Supreme Court, New York County (Francis N. Pecora, J.), entered October 21, 1988, denying and dismissing the petition to establish that the subject apartment was subject to rent stabilization as of the initial date of occupancy, rather than on the date when the former owner, then exempt from rent stabilization, sold the building to the nonexempt respondent landlord, unanimously affirmed, without costs or disbursements.

The former owner, petitioner's landlord from the date she entered the premises in 1974 until the date it sold the premises in March 1983, was exempt from rent stabilization as a charitable organization under section 5 (a) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4 [ETPA]). Three months after said sale, the Emergency Tenant Protection Act was amended to lift the exemption for the benefit of tenants of such nonprofit landlords who, *inter alia,* were not affiliated with the charitable institution at the time of initial occupancy. *(See,* McKinney's Uncons Laws of NY § 8625 [a] [6]; ETPA § 5 [a] [6].) Petitioner seeks retroactive application of the protection afforded to tenants upon the lifting of that exemption. The Rent Commissioner denied such retroactive application, and we find that decision to have been factually supported, rationally based, in accordance with the law, and neither arbitrary nor capricious. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.